IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Douglas C. GOEB, Attorney at Law.

Supreme Court

*No. 96–0605–D. Filed June 4,1996.*

(Also reported in 548 N.W.2d 828.)

PER CURIAM. We review, pursuant to SCR 21.09(3m),[1] the complaint filed by the Board of Attor-

---

[1] SCR 21.09 provides, in pertinent part:

neys Professional Responsibility (Board) alleging the professional misconduct of Attorney Douglas C. Goeb and the parties' stipulation to the facts and conclusions of law in respect to that misconduct and to a one-year license suspension as discipline for it. The misconduct consisted of Attorney Goeb's failure to complete timely the probate of 10 estates, his failure to communicate properly with the personal representatives in those estates, his filing with the Department of Revenue closing certificates in 20 estates that he had forged, misrepresenting that fiduciary and inheritance tax returns had been filed, his fabrication of a certificate of publication in another estate misrepresenting to a client that a notice to creditors had been published, and his acceptance and retention of $1400 in fees in two legal matters to which the law firm where he was employed was entitled.

We approve the stipulation of the parties and adopt the stipulated facts and conclusions that Attorney Goeb's misconduct constituted conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c);[2] the lack of diligence in

Procedure.

. . .

(3m) The board may file with a complaint a stipulation by the board and the respondent attorney to the facts, conclusions of law and discipline to be imposed. The supreme court may consider the complaint and stipulation without appointing a referee. If the supreme court approves the stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline. If the supreme court rejects the stipulation, a referee shall be appointed pursuant to sub. (4) and the matter shall proceed pursuant to SCR chapter 22. A stipulation that is rejected has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the board's prosecution of the complaint.

[2] SCR 20:8.4 provides, in pertinent part:

representing clients, in violation of SCR 20:1.3;[3] and the failure to adequately communicate with clients, in violation of SCR 20:1.4(a).[4] We determine that the seriousness of the misconduct warrants the suspension of Attorney Goeb's license to practice law for one year, as the parties had stipulated.

Attorney Goeb was admitted to practice law in Wisconsin in 1983 and practices in Oak Creek. He previously has not been the subject of an attorney disciplinary proceeding.

The law firm at which Attorney Goeb was employed discovered that he had filed a false closing certificate in one of the estates on which he was working and that he had submitted a false acknowledgement of publication in another estate. The firm terminated his employment and filed a grievance with the Board. The firm subsequently learned of his filing a false closing certificate in another estate.

After the grievance was filed, Attorney Goeb reported to the Board 18 additional estates in which he had filed false closing certificates between 1991 and 1994. He also disclosed his failure to turn over to the

**Misconduct**
It is professional misconduct for a lawyer to:

. . .

(c)   engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

[3] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[4] SCR 20:1.4 provides, in pertinent part:

**Communication**
(a)   A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

413

law firm $1400 in fees he had collected and to which it was entitled.

The parties stipulated that Attorney Goeb forged the closing certificates in order to mislead the courts in which these estates were pending and the personal representatives of the estates that he had concluded his work in them. In fact, fiduciary returns had not been filed in 14 of the estates, and inheritance tax returns had not been filed in 12 of them.

In its response to this court's inquiry concerning the discipline to which it had stipulated, the Board stated that it took into account as a significant mitigating factor that, although he did not bring his misconduct to the Board's attention initially, Attorney Goeb did self-report the additional misconduct of filing forged closing certificates in 18 other estates and his retention of law firm fees. The Board considered that disclosure beneficial to the protection of the public in the future and promotive of Attorney Goeb's rehabilitation.

IT IS ORDERED that the license of Attorney Douglas C. Goeb to practice law in Wisconsin is suspended for a period of one year, commencing July 8, 1996.

IT IS FURTHER ORDERED that within 60 days of the date of this order Douglas C. Goeb pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Douglas C. Goeb to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Douglas C. Goeb comply with the provisions of SCR 22.26 concerning the

duties of a person whose license to practice law in Wisconsin has been suspended.